IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PROVENCE<br>904 Old Library Lane<br>Oxford, Pennsylvania 19363 | : CIVIL ACTION<br>:<br>: |
| vs. | : |
| SMITH & NEPHEW, INC.<br>150 Minuteman Road<br>Andover, Massachusetts 01810 | :<br>:<br>: |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Michael Provence, by and through his attorney, Stark & Stark, and in his complaint against defendant, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Michael Provence is an adult individual and resident of the Commonwealth of Pennsylvania who resides at 904 Old Library Lane, Oxford, Chester County, Pennsylvania 19363.

2. Defendant Smith & Nephew, Inc. is a Delaware corporation authorized to do business in the Commonwealth of Pennsylvania with a principal place of business at 150 Minuteman Road, Andover Massachusetts, 01810.

3. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. sec 1332, as the parties are citizens of different states and the matter in controversy exceeds $150,000.00.

4. Venue is proper pursuant to 28 U.S.C. sec 1391, as a substantial part of the events giving rise to this case occurred in the Eastern District of Pennsylvania. Additionally, Defendant Smith & Nephew, Inc. conducts significant business in the Eastern District of Pennsylvania.

## GENERAL FACTUAL ALLEGATIONS

5. Defendant Smith & Nephew, Inc., is a British-based multinational medical equipment manufacturing company which specializes in producing arthroscopy products, advanced wound management products, trauma and clinical therapy products and orthopedic reconstruction products.

6. At all times relevant hereto, defendant developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold a disposable scalpel blade marketed under the name BEAVER 4.0 mm Banana Blade ("BEAVER blade), directly or indirectly, to medical professionals including orthopedic surgeons and to various medical facilities, including Springfield Hospital, which is part of the Crozer Keystone Health System.

7. On or about July 18, 2014, plaintiff underwent a left hip arthroscopy debridement and labral tear repair, performed by James M. Zurbach, M.D., at Springfield Hospital, Springfield, Pennsylvania.

8. Per the operative report for the above-referenced surgery, a BEAVER blade was inserted through the cannula, the cannula was then removed and undermining was begun with the BEAVER blade. Immediately upon incising the capsule, the BEAVER blade broke and eventually floated free into the medial acetabular fossa.

9. Per the operative report, the BEAVER blade could not be retrieved arthroscopically and plaintiff thereafter was compelled to undergo a hip dislocation with open arthrotomy and removal of the broken BEAVER blade.

10. The pathology report for the broken BEAVER blade notes "a piece of metal 3.7 cm. in length partially encased by a plastic orange sheath with a screw end along with 0.7 x 0.2 cm pieced of thin metal".

11. Subsequently, plaintiff developed a wound infection which required another hospitalization with treatment including serial debridements, application of a wound vac and IV antibiotic therapy over a significant period of time.

## COUNT I

## NEGLIGENCE

12. Defendant designed, manufactured, marketed, detailed, and advertised to physicians and medical facilities, the BEAVER blade.

13. As a result, defendant had a duty to perform each of these functions reasonably and with reasonable and due care for the safety and well-being of patients upon whom the BEAVER blade would be used.

14. Defendant failed to use reasonable and due care for the safety and well-being of those patients who would undergo surgery wherein the aforesaid BEAVER blade would be used, including plaintiff herein, and is therefore negligent in the following respects:

(a) Defendant failed to adequately design and manufacture the BEAVER blade to insure that it would not break and/or separate into component parts when used in the way it was intended;

    (b) Defendant failed to adequately test the BEAVER blade to insure that it would not break and/or separate into component parts.

   15. The above conduct exhibits Defendant's failure to exercise reasonable care. It was foreseeable that such negligence would lead to failure and/or breakage, and/or separation of the device resulting in severe, permanent debilitating injury to patients, including Plaintiff herein.

   16. As a result of the breaking of the BEAVER blade, plaintiff underwent an additional and more complicated open hip surgery which included hip dislocation and the placement of two cancellous screws and washers, all of which resulted in an increased recovery time, longer hospital stay, scarring and the increased likelihood of infection.

   17. As a result of the breaking of the defective BEAVER blade, the plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to her great detriment and loss.

   18. As a result of the breaking of the defective BEAVER blade, the plaintiff has extensive scarring.

   19. As a result of the breaking of the defective BEAVER blade, the plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure for his injuries and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

   20. As a result of the breaking of the defective BEAVER blade, the plaintiff has been unable to attend to his usual and daily duties and occupation, including attendance at college, and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

21. As a further result of the breaking of the defective BEAVER blade, plaintiff has suffered a loss and depreciation of his earnings and earning power and he may continue to suffer same for an indefinite time in the future to his great detriment and loss.

WHEREFORE, plaintiff Michael Provence claims damages of the defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS.

## COUNT II

### STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21, inclusive, as fully as though the same were set forth here at length.

23. This is an action for strict liability based upon design defect against Defendant.

24. Defendant's BEAVER blade was designed in such a way that, when used as intended, the blade broke, causing serious and permanent damage to plaintiff upon whom the blade was used. The damage and mechanism of injury has been previously described herein. Defendant acted unreasonably in its design of the BEAVER blade in that defendant failed to adopt a safer design and other wise a reasonable alternative design or formulation that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

25. Defendant's BEAVER blade does not perform as safely as an ordinary practitioner would expect when used as intended or in a manner reasonably foreseeable to defendant.

26. The risks of using Defendant's BEAVER blade outweigh the benefits of using the product.

27. As a direct and proximate result of the use of the BEAVER blade, as manufactured, designed, and supplied by defendant, plaintiff suffered harm, damages, and economic loss, as previously described.

WHEREFORE, plaintiff Michael Provence claims damages of the defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS.

## COUNT III

### STRICT LIABILITY – MANUFACUTRING DEFECT

28. Plaintiff hereby incorporates by reference paragraphs 1 through 28, inclusive, as fully as though the same were set forth here at length.

29. Defendant designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and sold the BEAVER blade and its components, in a condition which rendered it unreasonably dangerous due to the propensity to result in failure of the device.

30. The component parts of the BEAVER blade, and the blade itself, were defective in manufacture, construction and composition, causing them to deviate in a material way from defendant's manufacturing standards and differentiate them from otherwise identical products manufactured to the same design formula, when they left defendant's control.

31. Surgeons used the BEAVER blade in a reasonably foreseeable way, at the time that the BEAVER blade failed.

32. The BEAVER blade failed when it broke off and was lost within the plaintiff's hip joint.

33. As a direct and proximate result of the use of the BEAVER blade, as

manufactured, designed, and supplied by defendant, plaintiff suffered harm, damages, and economic loss, as previously described.

WHEREFORE, plaintiff Michael Provence claims damages of the defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS.

## COUNT IV

## BREACH OF EXPRESS WARRANTY

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 inclusive, as fully as though the same were set forth here at length.

35. Through defendant's public statements, advertising, descriptions of the BEAVER blade and promises relating to the BEAVER blade, defendant expressly warranted, promoted, distributed and sold the BEAVER blade as efficacious and safe for its intended use; designed and constructed of materials that would prevent breaking; and was fit for the particular purpose of performing arthroscopic hip surgery.

36. Members of the public, including plaintiff were the intended third party beneficiaries of such express warranties made by defendant.

37. When defendant made these express warranties, defendant knew the purposes for which the BEAVER blade was to be used and warranted the BEAVER blade to be in all respects safe and proper for such purposes.

38. The BEAVER blade does not conform to defendant's representations in that the blade is not safe or fit for the ordinary purposes for which such blades are used.

39. Defendant, therefore, breached its express warranties to plaintiff as a third party beneficiary of defendant's warranties, in violation of applicable law, by manufacturing,

marketing, distributing and selling the BEAVER blade to various surgeons and institutions, including Springfield Hospital, and causing damages as will be established at trial.

40. As a direct and proximate result of the use of the BEAVER blade, as manufactured, designed, and supplied by defendant, plaintiff suffered harm, damages, and economic loss, as previously described.

WHEREFORE, plaintiff Michael Provence claims damages of the defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS.

## COUNT V

## BREACH OF IMPLIED WARRANTY

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40, inclusive, as fully as though the same were set forth here at length.

42. At the same time that defendant marketed, distributed and sold the BEAVER blade, defendant warranted that the BEAVER blade was of merchantable quality; and was safe and fit for its intended use.

43. Defendant sold the BEAVER blade with an implied warranty that it was fit for the particular purpose of performing arthroscopic hip surgery because, per defendant's website the 4.0 millimeter BEAVER Blade "is designed to swiftly cut labral tissue and tendons and puncture the hip capsule with minimal effort".

44. Members of the public, including plaintiff, who were patients of orthopedic surgeons, the intended users of the BEAVER blade, and who were undergoing arthroscopic hip surgery, were the third party beneficiaries of defendant's implied warranty.

45. The BEAVER blade was not merchantable and fit for its intended/ordinary

purpose because it had a known propensity to break with the pieces of the blade floating into the hip joint and requiring a dislocation and open surgical exploration of the hip joint for removal.

46. Defendant's breach of implied warranty was the direct and proximate cause of plaintiff's injuries, complications, and damages.

47. As a direct and proximate result of defendant's breach of implied warranty, plaintiff suffered harm, damages, and economic loss, as previously described.

WHEREFORE, plaintiff Michael Provence claims damages of the defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS.

### JURY DEMAND

Plaintiff demands a trial by jury.

**STARK & STARK**
A Professional Corporation

By: _____
EDWARD SHENSKY
Attorney for Plaintiff
I.D. No. 27891
777 Township Line Road
Suite 120
Yardley, PA   19067
267-907-9600
email: eshensky@stark-stark.com